And our final case of the morning is Kelley-Lomax v. City of Chicago. Mr. Flaxman. May it please the court. This case is about what the Chicago Police Department does with the personal belongings of someone who was arrested and charged with a criminal offense. That person is given 30 days to go back to the police station or to send somebody for him to go back to the police station and retrieve those belongings. If that doesn't happen, the city destroys the property. That's what happened to Mr. Kelley-Lomax here. He was locked up at the jail and couldn't go back to the station. He also did not have a designee to send for him to retrieve his cell phone, cell phone charger, earbuds, and two earrings. This policy has been before the court before in a case called Conyers v. City of Chicago. That case was on an appeal of summary judgment and the court considered a Fourth Amendment claim, a takings claim, and a procedural due process claim. We have briefed the Fourth Amendment claim and have asked the court to revisit the ruling of Conyers. I'm going to focus on a claim that was not presented in Conyers, which was a substantive due process claim. That was presented here and ruled on by the district court. The district court rejected the claim. I must say, Mr. Flaxman, after Dobbs, substantive due process is limited to the most fundamental rights with long historical pedigrees. Is there any long historical pedigree for requiring cities to be unpaid baileys for an indefinite period? If that's the way the court defines the right, then I can't point to any long historical record. Indeed. Our position is that's what Dobbs holds is essential to the creation or the recognition of a fundamental right. There we are. If the court could let me say, the plaintiff's interpretation of Dobbs and the right at issue here is the right to possess personal property. That's a takings claim, if it's anything, but that didn't fare very well in Conyers. If you want to repackage a takings claim as a substantive due process claim, you really have to play the substantive due process game, rather than say, well, it has a long pedigree, but it's a takings claim. What Dobbs says is it describes two types of rights, and our position is that this right to personal property is one of the rights that's in the first eight amendments to the Constitution, and it's not something with a long history that we are seeking to show by that historical evidence. And I understand that the court, I understand the contrary position, which is exactly what this city has put forward, and our position, which I don't care. Conyers said that one issue was left open, whether 30 days is unconstitutionally short. And I looked in your brief to see whether you've challenged the length of time prisoners have to arrange for the disposition of their property. I didn't see such an argument. Have I missed it? That's not something that's directly presented in the briefs. It's our position that that's something that would come up at summary judgment, and not on the motion to dismiss, where we are seeking to get to the place where the city needs to justify the infringement of what we contend is a fundamental right. And seeing that I have put the argument before the court, and you've placed it in the briefs, unless there are other questions, I will reserve the balance of my time. Well, I guess if we follow your argument all the way through, if the right to possess property is a fundamental right, what that changes in the calculus is you're in strict scrutiny land, right? Not rational basis review? That's correct. Okay. So if we get there, just following your argument, how does plaintiff win? If we get there, the motion to dismiss should be denied because the city would have to come forward with evidence to get past strict scrutiny. The district court never considered any of the city's justifications that could get over strict scrutiny to justify infringement of a fundamental right. So it becomes a question for another day, and we're just at the motion to dismiss stage? That's correct. We would say, we do say, that's a question that should go back to the district court for further development. Thank you. Thank you, Mr. Flaxman. Ms. McLaughlin. May it please the court. Plaintiff claims city's actions violated the Fourth Amendment and substantive due process. I, too, will rely on our brief for the Fourth Amendment argument. As you know, this court previously held in Conyers on facts like those here that the Fourth Amendment does not govern claims regarding the retrieval or disposal of lawfully seized property. Plaintiff's attempt to recast his claim as a substantive due process claim fails as well. And I think I'll begin with the point that the asserted right here has to be carefully defined. Plaintiff here is claiming that he has a generalized right to possess property, but that's not the appropriate way to frame this right for the substantive due process analysis. In Reno v. Flores, a case that plaintiff has cited, the Supreme Court has explained that substantive due process analysis has to begin with a careful description of the asserted right. And so here, plaintiff is not claiming that he has a general right to possess his property, but something more specific, that he has the right to have the city ensure that his property, which it reasonably seized on arrest, is essentially delivered back into his hands upon his release from custody. And as I believe the Court has already pointed out, that specific right is not one that's deeply rooted in this nation's history and tradition or implicit in the concept of ordered liberty for purposes of substantive due process. As to the point that property rights are perhaps fundamental because they're mentioned in the Constitution, and I think especially in Plaintiff's reply brief, he points to the Fifth Amendment as specific sources of guarantees of property rights. And I wanted to note that that actually undercuts plaintiff's claim that this is a guarantee of substantive due process. First of all, even if we look to the Fifth Amendment, there are guarantees for property, but property is protected in specific ways. The Fifth Amendment requires due process to be part of proceedings that deny property. It requires the government to compensate citizens when it takes private property for public use. But that, in fact, does not suggest that there's a freestanding fundamental right to property guaranteed by the Constitution. Rather, again, it suggests that the Constitution's guarantees of property rights are specific and qualified. And in fact, deprivations of property are possible as long as they're compliant with those constitutional guarantees. The other point I think that this raises is that because there are these specific guarantees for property rights in the Fifth Amendment, and also in the Fourth Amendment, that the court should not employ a substantive due process analysis at all. How is the court applying anything other than substantive due process? Because the only amendment arguably applicable is the Fourteenth, and everything is being applied through the due process clause of the Fourteenth Amendment. Sure, Your Honor. But I think, actually, in the first case on the call, the court was discussing Graham versus Connor. And in Graham, the Supreme Court explained that where there are explicit textual sources of constitutional protection against the government's conduct, that those should provide the analysis and not the generalized concept of substantive due process. So I think that the fact that there are these constitutional protections in place, and that the plaintiff has already tried to avail—perhaps not this plaintiff, but the plaintiffs and connoisseurs—attempted to avail themselves of those protections through takings doctrine, through procedural due process, and the Fourth Amendment. Those claims failed. Substantive due process doesn't provide a sort of mulligan opportunity when you're explicit constitutional claims have failed. Can I go back to your earlier statement about defining the property right here? Because Mr. Flaxman says it's one thing, you say it's another. Seems to me there's a rather large continuum there. There are many ways one could define the property right here. And so both parties have appropriately defined it in the way that suits their case. So how are we—where do we fit ourselves on that continuum? And what case are you relying on to—I heard you cite a case about why your definition was right. But really, tell us more about why you're right about that. I think that it's not—actually, I don't think it's our role in this case to define what the right is. To be honest, it should be—it is plaintiff's claim. And so plaintiff—if plaintiff wants to say, well, the right I'm asserting is this very general right to possess property, that claim is not a claim that is going to support a substantive due process claim. My suggestion is it's not an apt description of what plaintiff is actually claiming. Because if we look at what he wants the city to do, to be honest, I think it's a bit unclear what plaintiff is arguing the city has to do with this property. It may be to hold it longer. It may be to—at one point in the briefs, plaintiff suggests that it's not enough to simply provide a process to retrieve the property. We actually have to ensure that plaintiff gets the property back. So the claim does seem to shift in the briefs as to what this right to a particular procedure looks like. I am suggesting that under Reno v. Flores, it does have to be a well-defined claim. It can't simply be a generalized assertion, I have a right to my property. Why does the city destroy the property instead of selling it for the detainee's account? That's what the city does when it impounds a car, right? You have X days to pay the fine and get the car out. And if you don't do that, it'll be sold. But it'll be sold for the owner's account. Why isn't this what the city is doing for, say, cell phones? They have value on the used market. Your Honor, we could do that for purposes of this constitutional analysis. Our position is we don't have to choose a different process because the process that we have adopted is a reasonable process. And we could talk about whether or not there could be different procedures in place. But I don't think that goes to the constitutional process. I understand. This argument hasn't been made here. It's kind of similar to the argument that the city should give more time. The plaintiff just isn't making that stripe of argument. But it's something that the city might want to consider because someday some plaintiff will come along and make the argument that it should be sold for the detainee's account or the city should give 60 days. I understand that it's New York City gives 60 days. The city's going to have to explain why it gives 30 rather than 60. Someday somebody's going to ask. And if that day comes, then I assume we'll have an answer. But again, today's not that day. In sum, plaintiff has not provided a basis to alter the well-established standard for substantivity process claims, which is rational basis review. And again, plaintiff has not made an argument here that the city's procedures do not satisfy rational basis review. And in any event, there is nothing irrational about the city's procedure to seize property upon arrest, inventory it, create a procedure to claim it, and then dispose of it if it is not claimed. In fact, in Conyers, this court has already said that there is nothing unconstitutional about that practice. The city requests that the judgment of the district court be affirmed. Thank you, counsel. Anything further, Mr. Flaxman? To the extent the court is interested in other procedures and comparing 30 days to 60 days, the New York procedure is different because the time starts running at the conclusion of the criminal case. The city of Chicago's unique procedure requires a detainee to come back and use property. I could easily understand. In Conyers, we invited a challenge to the length of a time. And I've just invited another kind of challenge. But you aren't making them. Nothing further. Thank you. That's it? All right. Well, thank you very much. The case is taken under advisement. And the court will be in recess.